IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANDEEP SINGH,

    Petitioner,

v.

JAMIE RAYE CARNES, in her official capacity as Warden of the ICE Torrance County Detention Center; MARISA FLORES, in her official capacity as El Paso Field Office Director for U.S. Immigration and Customs Enforcement; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,

    Respondents.

Case No. 1:26-cv-00210-MIS-JFR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Mandeep Singh's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed January 30, 2026. The same day, the Clerk's Office served Respondents with the Petition, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3.

Also on January 30, 2026, the Court issued an Order to Show Cause ("Order"), ECF No. 4, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 2. The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here." Id. (citing Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF,

2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026).  As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings[,]" and warned Respondents that failure to timely comply with the Order may result in the Court granting the requested relief without further notice.  Id.

The deadline to respond to the Petition and Order to Show Cause was February 13, 2026.  On February 16, 2026, the Government filed an untimely Response.  ECF No. 9.  Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Resp. at 2.  Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id. at 1-2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing

2

violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 9. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

    Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Mandeep Singh from custody/detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Counsel for Federal Respondents is **ORDERED** to provide a copy of this order to Counsel for the Warden of the Torrance County Detention Center forthwith; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*/s/ Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE